**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**J.S., a minor, by and through his mother
and next friend, LAQUANDRIA JAMES;
and J.W., a minor by and through his
mother and next friend, SHERIKA
WILBON**                                                                                                              **PLAINTIFFS**

**V.**                                                                                        **NO. 1:16-CV-46-DMB-DAS**

**LOWNDES COUNTY SCHOOL
DISTRICT and JOHN LOVE**                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on the Lowndes County School District's motion to dismiss, or in the alternative, for summary judgment. Doc. #39.

### I
### Relevant Procedural History

On March 14, 2016, J.S. and J.W., two minors, filed a complaint in this Court through their mothers, Laquandria James and Shenika[1] Wilbon, respectively. Doc. #1. The complaint asserts state and federal claims against the Lowndes County School District and John Love, a District bus driver, based on a school bus altercation among J.S., J.W., and Love. Love and the District filed separate answers to the complaint. Doc. #8; Doc. #14.

On December 13, 2016, United States Magistrate Judge David A. Sanders issued a case management order directing, among other things, that plaintiffs execute "an appropriate[] HIPAA-compliant medical authorization" and setting a discovery deadline for July 24, 2017. Doc. #18 at 3–4.

---

[1] The Lowndes County School District asserts, and the plaintiffs do not dispute, that "Plaintiff Shenika Wilbon's name was misspelled as 'Sherika' in the style of the lawsuit." Doc. #41 at 2 n.3.

On May 26, 2017, the District served interrogatories and requests for production on both J.W. and J.S.[2] Doc. #22. The District represents that these first requests for production included a HIPAA authorization for each plaintiff. Doc. #41 at 3. Neither plaintiff responded to the discovery requests.

Following a telephonic status conference on June 6, 2017, the discovery deadline was extended through August 10, 2017. Doc. #26. On June 20, 2017, the District noticed the depositions of James and Wilbon for July 12, 2017. Doc. #28. Neither James nor Wilbon appeared at the scheduled depositions. *See* Doc. #31. Accordingly, on July 14, 2017, Judge Sanders, during a telephonic conference with the parties, directed the plaintiffs to serve their medical records and responses to discovery no later than July 19, 2017. A minute order reflecting this direction was docketed the same day. *Id*.

On August 7, 2017, Judge Sanders, on the District's motion, directed the plaintiffs' counsel to pay $480.50 in costs associated with the missed depositions no later than August 21, 2017. Doc. #35. The same day, Wilbon and James appeared for their depositions. Doc. #39-9; Doc. #39-10.

On August 24, 2017, the District filed a motion to dismiss based on the plaintiffs' discovery violations or, in the alternative, for summary judgment. Doc. #39. To date, the plaintiffs have not responded to the District's motion and have not produced the Court-ordered discovery. Additionally, counsel for the plaintiffs has not paid the costs associated with the missed depositions.

## II
## Analysis

The District's motion seeks dismissal of the plaintiffs' claims under Rule 37(b). Rule

---

[2] The docket reflects no discovery during the five-month period between the entry of the case management order and the District's service of discovery requests on May 26, 2017.

37(b)(2)(A) grants a court authority to sanction a party for failure to obey an order "to provide or permit discovery." Such sanctions "may include … dismissing the action or proceeding in whole or in part." *Id*. Dismissal under this rule is committed to the district court's discretion. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985).

The Fifth Circuit has articulated two similar but distinct tests for dismissal under Rule 37(b). Under one test, first articulated in *Bluitt v. Arco Chemical Company*:

> dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

777 F.2d 188, 190–91 (5th Cir. 1985) (citations omitted). Under the second test, first articulated in *F.D.I.C. v. Conner*:

> several factors ... must be present before a district court may dismiss a case as a sanction for violating a discovery order. First, we have explained that dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct. Further, we have noted that the violation of the discovery order must be attributable to the client instead of the attorney. We have also held that the violating party's misconduct must substantially prejudice the opposing party. Finally, we have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect.

20 F.3d 1376, 1380–81 (5th Cir. 1994) (citations, quotation marks, and footnote omitted).

Both tests, which have been employed by the Fifth Circuit at various times,[3] require that non-compliance be the result of willfulness or bad faith and also mandate consideration of

---

[3] *See, e.g., Bell v. Texaco, Inc.*, 493 F. App'x 587, 593–94 (5th Cir. 2012) (*Bluitt* test); *Worrell v. Houston Can! Acad.*, 424 F. App'x 330, 335–36 (5th Cir. 2011) (*Bluitt* test); *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989) (*Bluitt* test); *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (*Conner* test); *Moore v. CITGO Refining Chems. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (*Conner* test).

3

substantial prejudice, fault, and deterrence. However, the tests differ in the standards used to evaluate the latter three factors. Under *Bluitt*, the existence of substantial prejudice is a "consideration," while *Conner* makes it a requirement for dismissal. Also, under *Bluitt*, the lack of fault of the client *may* render dismissal inappropriate, and only "when neglect is plainly attributable to an attorney … or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." In contrast, under *Conner*, "violation of the discovery order must be attributable to the client instead of the attorney." Finally, *Bluitt* treats the effectiveness of lesser sanctions as a prerequisite while *Conner* does not.

"When panel opinions appear to conflict, [a court] is bound to follow the earlier opinion." *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006). *Bluitt*, of course, predates *Conner*. *Conner*, in turn, relies on two panel decisions: *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744 (5th Cir. 1987); and *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030 (5th Cir. 1990). *Conner*, 20 F.3d at 1380–81. *Coane*, despite supporting the *Conner* factors, relies on two cases which, in substance, mirror the *Bluitt* test: *Brinkmann*[4] (the other case relied on by *Conner*) and *Batson*.[5] *Coane*, 898 F.2d at 1032. This Court has found no authority which supports the *Conner*

---

[4] *Brinkmann* held:

> Though the facts of each case largely determine the appropriateness of dismissal, our precedents enunciate several general principles. First, dismissal with prejudice is normally appropriate only if its deterrent value cannot be substantially achieved by use of less drastic sanctions. Second, if the refusal to comply results from honest confusion or sincere misunderstanding of the order, the inability to comply, or the nonfrivolous assertion of a constitutional privilege, dismissal is almost always an abuse of discretion. Third, in general the court may resort to dismissal only if there is a clear record of delay or contumacious conduct by the plaintiff. Fourth, when the blame for disregard of the court's order lies with the attorney, not the client, dismissal is usually too severe a sanction. Finally, if the other party's preparation for trial has not been substantially prejudiced, dismissal may well be inappropriate.

813 F.2d at 749 (quotation marks and citations omitted).

[5] *Batson* held:

> In determining whether a district court abused its discretion, our precedent has addressed a number of considerations. First, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by

4

factors and predates *Bluitt*. The Court, therefore, will apply the *Bluitt* test. Accordingly, dismissal will only be appropriate if the plaintiffs' non-compliance was willful or in bad faith, if lesser sanctions would not deter future non-compliance, and if the factors of prejudice and fault point toward dismissal.

### A. Willfulness or Bad Faith

The District argues that "plaintiffs have failed or refused to cooperate in discovery in such a manner that willfulness and bad faith must be inferred." Doc. #41 at 13. A finding of willfulness or bad faith is justified when the record discloses "persistent refusal to respond to … discovery requests … and to comply with the orders of the district court." *Secs. & Exchange Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666 (5th Cir. 1981).

Here, the record reveals that the plaintiffs have persistently refused to respond to the District's discovery requests and have ignored Judge Sanders' order expressly directing a response. Under these circumstances the Court concludes that the failure to comply with the discovery order was willful or done in bad faith.

### B. Effectiveness of Lesser Sanctions

"[D]ismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Bluitt*, 777 F.2d at 190. The record reveals that Judge Sanders employed lesser sanctions in the form of assessing costs in response to Wilbon and James' failure to appear for their depositions. After these sanctions were imposed, Wilbon and James did appear for their depositions; however, the ordered fees have not been paid

---

the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

765 F.2d at 514 (citations omitted).

and, as described above, the plaintiffs continue to disregard the discovery orders at issue here. Under these circumstances, the Court concludes that the deterrent value of Rule 37 would not be substantially achieved by the use of less drastic sanctions.

### C. Substantial Prejudice

The District argues that, due to the plaintiffs' failure to comply with discovery obligations, it has been prejudiced in investigating the claims at issue. This Court agrees. The outstanding discovery requests relate to the injuries allegedly suffered by J.W. and J.S. during the relevant altercation. The failure to submit these documents, which relate to a central issue of the case (the extent of the plaintiffs' injuries), has substantially prejudiced the District. *See Am. Airlines*, 283 F. App'x at 292 (failure to submit medical records prejudiced defendant). Accordingly, the prejudice factor weighs in favor of dismissal.

### D. Fault

Under *Bluitt*, "dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." 777 F.2d at 190–91. Here, there is no indication that the non-compliance is plainly attributable to the plaintiffs' attorney. Additionally, Judge Sanders' order directing compliance was so clear as to preclude the plaintiffs' confusion or misunderstanding about their obligations. Accordingly, the fault factor also weighs in favor of dismissal.

### E. Summary

In sum, the Court concludes that the plaintiffs have willfully failed to comply with a discovery order and that lesser sanctions would not deter future non-compliance. The Court further concludes that the District has suffered substantial prejudice as a result of the non-compliance and

that there are no mitigating factors which would preclude dismissal. Under these circumstances, the District's motion to dismiss under Rule 37(b) will be granted.[6]

### III
### Conclusion

For the reasons above, the District's motion to dismiss [39] is **GRANTED**. The plaintiffs' claims against the District are **DISMISSED with prejudice**.

**SO ORDERED**, this 25th day of October, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Having determined that the District's primary request for relief will be granted, the Court declines to consider the District's alternative request that it be granted summary judgment.